

FILED

JUL 10 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RICARDO GUERRERO,     )
                              )
     Petitioner,     )
                              )
     v.          )     Civil Action No. 19-1899 (UNA)
                              )
WARDEN, USP ALLENWOOD,     )
                              )
     Respondent.     )

## MEMORANDUM OPINION

Ricardo Guerrero was convicted in and sentenced by the United States District Court for the Southern District of Texas. *See* Pet. at 2; *see id.*, Ex. (Judgment in a Criminal Case, *United States v. Guerrero*, No. 2:13CR00844-S-001 (S.D. Tex. June 10, 2014)). The petitioner, who disclaims any relationship to Ricardo Guerrero, *see id.* at 3, currently is serving a life sentence at a federal penitentiary in Pennsylvania. Because the petitioner is "not the trustee of Ricardo Guerrero," *id.* (emphasis removed), and because he "disclaimed any relationship or responsibility for Ricardo Guerrero back in 2002," *id.* at 4 (emphasis removed), he calls upon this Court to issue a writ of habeas corpus to release him from custody. *Id.*

To the extent that a remedy is available to the petitioner, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,

may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  This is not the federal district court which sentenced Ricardo Guerrero and, therefore, the petition must be dismissed.

A separate order of dismissal accompanies this Memorandum Opinion.

DATE: July 8, 2019

United States District Judge